**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4755**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

JOSE LUIS MONTERO-GARCIA,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:17-cr-00106-BR-1)

Submitted: May 7, 2018                    Decided: May 16, 2018

Before KING, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Greensboro, North Carolina, Eric J. Brignac, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Seth Morgan Wood, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Montero-Garcia (Montero) pled guilty to illegal reentry following removal, in violation of 8 U.S.C. § 1326(a) (2012). The district court calculated Montero's Guidelines range under the U.S. Sentencing Guidelines Manual (2013) at 1 to 7 months' imprisonment and sentenced him to 6 months' imprisonment to be served consecutively to a state prison sentence he was then serving. On appeal, Montero challenges the propriety of the district court's explanation for this sentence. We affirm.

This court reviews Montero's sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). The district court "'must make an individualized assessment based on the facts presented' when imposing a sentence, 'apply[ing] the relevant [18 U.S.C.] § 3553(a) [(2012)] factors to the specific circumstances of the case' and the defendant, and must 'state in open court the particular reasons supporting its chosen sentence.'" *Lymas*, 781 F.3d at 113 (quoting *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal emphasis omitted)). "Where the defendant . . . presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why [it] has rejected those arguments." *Carter*, 564 F.3d at 328 (internal quotation marks omitted).

Montero contends that his sentence is unreasonable because the district court failed to address his arguments for a 1-month sentence to be served concurrently with the state prison sentence he was then serving and explain why it rejected those arguments.

2

Upon review of the record, we conclude that this contention is without merit. At sentencing, Montero advanced his criminal history and the effects of his prior state conviction, his instant offense conduct and the Guidelines range for it, his employment and family histories, and his aspiration to support members of his family without explaining why these factors merited a 1-month, concurrent sentence. Accordingly, the district court's failure here to address these factors in its sentencing explanation does not amount to reversible error.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*